MINNIE CAMBURN AND DANIEL CAMBURN, HER HUSBAND, v. THE PENNSYLVANIA RAILROAD COMPANY.

Argued November 9, 1911—Decided February 26, 1912.

1. Section 97 of the Practice act (*Pamph. L.* 1903, *p.* 565), as amended (*Pamph. L.* 1906, *p.* 677), is in terms limited to actions on contract, and the notice provided for therein endorsed upon a declaration is ineffectual to sustain a judgment in an action of tort entered at the end of twenty days from the date of service of the declaration.

2. A declaration in an action of tort was served with the summons upon a foreign corporation, by leaving a copy thereof at the office of a division superintendent in this state. It was endorsed with a notice the first part of which is that provided for by section 97 of the Practice act as amended by *Pamph. L.* 1906, *p.* 677, and the latter part of which is as follows: "In case the within summons and declaration are served by the leaving of a copy at the dwelling-house or place of abode of the person so intended to be served, then take notice that unless you appear and file a plea or demurrer within twenty days after the date of service hereof upon you, judgment will be entered against you." *Held*, that such notice was insufficient to authorize the entry of judgment at the end of twenty days.

———

On rule to show cause why an interlocutory judgment should not be set aside.

Before Justices TRENCHARD and KALISCH.

For the rule, *Alan H. Strong.*

Contra, *John A. Riggins.*

The opinion of the court was delivered by

TRENCHARD, J. The summons and declaration in this case were served August 24th, 1911, in an action of tort for personal injuries. Judgment interlocutory was entered September 21st, with rule for writ of inquiry. Thereupon this rule was granted requiring the plaintiff to show cause why such judgment should not be set aside as having been prematurely entered.

There was endorsed upon the declaration a notice as follows:

"*To the within named Defendant:*

"In case the within summons and declaration are served (in case of an individual) upon you personally, or if a corporation organized under the laws of the State of New Jersey, personally upon the president or other head officer or agent in charge of its principal office in this state, or if a foreign corporation personally upon any officer, director or registered or authorized agent of such corporation, then take notice that if you, said defendant, intend to make a defence to this action, you must file an affidavit of merits within ten days from the date of the service hereof, and that unless you file such affidavit, judgment by default will be entered against you at the end of said ten days; and that, in case you file said affidavit unless you file a plea or demurrer within twenty days from the date of service hereof upon you, judgment by default will in such case be entered against you at the end of said twenty days.

"In case the within summons and declaration are served by the leaving of a copy at the dwelling-house or place of abode of the person so intended to be served, then take notice that

238     NEW JERSEY SUPREME COURT.

Camburn v. Penna. R. R. Co.          *82 N. J. L.*

unless you appear and file a plea or demurrer within twenty days after the date of service hereof upon you, judgment will be entered against you.

"JOHN A. RIGGINS,
"*Atty. of Pltffs.*"

The defendant is a corporation of the State of Pennsylvania. The question is as to sufficiency of this notice to plead. If it was not sufficient the judgment was premature.

Section 97 of the Practice act (*Pamph. L.* 1903, *p.* 565), as amended (*Pamph. L.* 1906, *p.* 677), is in terms limited to actions on contract and requires affidavit of merits within ten days and plea within twenty days after service; provided, notice shall have been endorsed upon the declaration and served as mentioned in this section.

The service under this section must be upon the defendant personally, or if the defendant is a corporation organized under the laws of this state, personally upon the president or other head officer or agent in charge of its principal office in this state, or if a foreign corporation personally upon any officer, director or registered or authorized agent of such corporation either with the process or separately therefrom.

So much of the notice to plead in the present case as refers to personal service is based upon section 97, and seems to conform to the requirements of that section. This part of the notice, however, was wholly ineffectual for the reason that the action is in tort, and neither this statute, nor any other, requires *in an action of tort* the filing of an affidavit of merits within ten days as a condition to the filing of a plea within twenty days after service.

Section 95 of the Practice act of 1903 (*Pamph. L., p.* 564) provides for service of declaration with the summons and for judgment after twenty days, "provided, there shall be endorsed on such declaration and on the copy served a notice that unless the defendant shall file a plea or demurrer within twenty days after the service of the declaration, judgment will be entered against him."

This section contains no restriction as to the class of actions to which it applies, and is therefore applicable both to actions of tort and contract.

The plaintiffs therefore rely entirely upon the last clause of the notice which reads as follows:

"In case the within summons and declaration are served *by the leaving of a copy at the dwelling-house or place of abode of the person so intended to be served,* then take notice that unless you appear and file a plea or demurrer within twenty days after the date of service hereof upon you, judgment will be entered against you."

This clause is operative only in the case specified, that is to say, in case the summons and declaration "are served *by the leaving of a copy at the dwelling-house or place of abode of the person so intended to be served."* If not served in that manner the notice by its terms imposes no obligation to plead.

The service in the case at bar was *personal* upon a clerk of the defendant at the office of the division superintendent at Camden, in this state. It was not by leaving a copy at the dwelling-house or place of abode of the person intended to be served.

Section 95 of the Practice act under which, if at all, the plaintiffs' judgment must be sustained, does not specify the manner in which service may be made.

The manner of service of summons (and of the declaration where served with the summons) in case of a foreign corporation defendant, is regulated so far as relates to actions of tort, wholly by section 88 of the General Corporation act. *Pamph. L.* 1896, *p.* 305, as amended, *Pamph. L.* 1908, *p.* 176.

This section provides that "in all personal suits or actions hereafter brought in any court of this state, against any *foreign corporation,* process may be served upon any *officer, director, agent, clerk or engineer of such corporation, either personally or by leaving a copy thereof at his dwelling-house or usual place of abode, or by leaving a copy at the office, depot or usual place of business of such foreign corporation;* provided, that in case there is no officer, director, agent, clerk or engineer of said corporation residing in this state, nor any

office, depot or usual place of business in this state, process may be served upon any motorman, conductor or servant of said corporation while in the discharge of his duties."

Three primary methods of service therefore are permitted in cases such as the present, namely:

*First. Personal* service upon any officer, director, agent, clerk or engineer.

*Second.* Service upon the same persons by *leaving a copy at his dwelling-house or usual place of abode.*

*Third.* By leaving a copy at the office, depot or usual place of business of such foreign corporation.

The *first* of these modes of service has been excluded by what has already been said.

The *second* is plainly not the mode of service that was employed in this case. The summons and declaration were not left at the dwelling-house or usual place of abode of any individual.

The *third* mode of service was the one attempted, or upon which the judgment is now sought to be supported.

A copy was left at the office of the superintendent of the Amboy division in Camden, which was no doubt sufficient service so far as relates to the summons. But the defendant is not questioning the service of the summons.

Assuming that service of the declaration also would have been good if the notice had been adapted to that method of service, it was not so in the present case, for the reason that the notice to plead does not apply to service so made.

The counsel for plaintiffs argues that the *"dwelling-house or place of abode of the person so intended to be served"* in his notice, means the *place of business of the corporation.*

But taking the whole notice together, it is evident that it is not the place of abode of the *corporation* that is referred to, but of the *officer, agent,* &c., intended to be served. The language is not in itself applicable to a corporation, which cannot, in the ordinary use of language, have a dwelling-house or place of abode. Moreover, the notice avoids saying the dwelling-house or place of abode of the *defendant,* but says *"of the person so intended to be served."*

Reading the clause in question with the preceding portion of the notice, it is very clear that it merely refers to an alternative service upon the same individuals therein previously mentioned. The first part of the notice applies to service *personally* made upon one of certain officers or agents, and the concluding portion merely intends to provide for service upon one of the same persons by *leaving at his dwelling-house or place of abode.*

If there could be any question about the mere reading of the notice itself, a reference to section 88 of the Corporation act (above quoted) makes it perfectly clear. That section uses the words *"dwelling-house or usual place of abode"* in connection with the service upon certain classes of *individuals* who for that purpose are taken to represent the corporation; but when service at the place of business of the corporation is intended, the statute plainly expresses the idea by very different language, namely, *"by leaving a copy at the office, depot or usual place of business* of such foreign corporation."

The notice is clearly incapable of the construction upon which the plaintiffs rely.

The notice was therefore insufficient to authorize the entry of judgment at the end of twenty days. The defendant was entitled to fifty days from the return day of the summons, or twenty days from the expiration of the time allowed for filing declaration. See Practice act, section 94. *Pamph. L.* 1903, *p.* 564.

Since the entry of interlocutory judgment before the expiration of that time was without lawful authority and premature, it will be set aside, with costs.